**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10204
Summary Calendar

ANTHONY GILL,

Petitioner-Appellant,

VERSUS

WAYNE SCOTT,

Respondent-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
(4:94 CV 394 Y)

( August 23, 1995 )

Before REYNALDO G. GARZA, JONES AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

BACKGROUND

Anthony Gill was indicted by the State of Texas on July 30, 1992 for committing robbery while on parole. The Texas Board of Pardons and Paroles revoked his parole after conducting a hearing

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

and determining that the robbery violated the conditions of his release. Since the indictment, Gill has sought habeas relief four times, twice in federal court and twice in state court, to avoid conviction for this robbery.

Gill filed a pre-conviction application for a state writ of habeas corpus on January 11, 1993. There is no record of a ruling on this application. In June 1993, Gill filed a pre-conviction petition for habeas relief in federal court under 28 U.S.C. § 2241, seeking to enjoin the state prosecution for robbery. He argued that because the state had already proven robbery in the parole revocation hearing, the doctrine of collateral estoppel and the Fifth Amendment's double jeopardy clause prevented a subsequent prosecution for the robbery itself. On July 12, 1993, Gill pled guilty to the robbery.

Gill filed a motion in the federal habeas proceeding in November 1993 to void the guilty-plea conviction. The district court dismissed Gill's federal habeas petition, adopting the magistrate judge's proposed findings that the guilty plea mooted Gill's attempt to enjoin prosecution and that the double jeopardy clause did not apply to parole revocation proceedings. This Court affirmed, noting that the doctrine of collateral estoppel has no constitutional dimension independent of the double jeopardy clause. Gill v. Texas, No. 94-10116, slip op. at 3 (5th Cir. June 7, 1994), cert. denied, 130 L.Ed.2d 354 (1994).

Gill made a post-conviction petition for habeas relief in state court on October 21, 1993, alleging the following

2

infirmities: 1) ineffective assistance of counsel at trial for failure to research and promote Gill's double jeopardy claim; 2) violation of due process rights for the state court's failure to address the pre-conviction habeas petition; 3) violation of due process and equal protection rights because the state court had no jurisdiction to find guilt after Gill filed his first petition for federal habeas relief; and 4) violation of due process and equal protection rights because Gill's jeopardy amendment claims were not addressed before criminal proceedings commenced. The state district court dismissed the habeas petition on November 11, 1993. The Texas Court of Criminal Appeals denied Gill's appeal on January 12, 1994, without written order.

Having exhausted his state remedies, Gill filed a post-conviction petition for federal habeas relief on June 9, 1994, pursuant to 28 U.S.C. § 2254. The four claims in this petition are identical to those raised in the October 21, 1993 state petition and include the double jeopardy claim Gill raised in his first federal petition. The district court granted the Respondent's motion to dismiss the petition as an abuse of the writ on February 17, 1995. This timely appeal followed.

ANALYSIS

Gill claims that his second federal habeas petition was not an abuse of the writ and was dismissed erroneously. We need not inquire whether this latest petition was an abuse of the writ. Dismissal was appropriate because the four claims in Gill's

3

petition for habeas relief lack merit.  We will consider those claims in turn.

Gill states that he had ineffective assistance of counsel because his attorney failed to file pretrial motions contesting the state's right to prosecute him based on double jeopardy and because his attorney was not aware of and did not research the law that Gill claimed supported his double jeopardy claim.  Gill also states that as a result of this ineffective assistance, he was deceived into pleading guilty.  These arguments are vacuous.

In addition to showing that his attorney's performance fell below an objective standard of reasonable competence, Gill needed to show that the poor performance prejudiced his defense.  Armstead v. Scott, 37 F.3d 202, 207 (5th Cir. 1994) (citing Lockhart v. Fretwell, ---U.S.---, 113 S. Ct. 838, 842, 122 L.Ed.2d 180, 189 (1993)), cert. denied, ---U.S.---, 115 S.Ct. 1709, 131 L.Ed.2d 570 (1995).  When either element of the ineffectiveness claim is not proven, the petitioner is not entitled to relief.  Strickland v. Washington, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, (1984).  Gill has not shown prejudice.

Gill's ineffectiveness claims depend entirely on the validity of his double jeopardy claim.  Because this Court has already ruled that the double jeopardy clause does not apply to parole revocation proceedings, the failure of counsel to advance the jeopardy claim could hardly be deemed unreasonable or prejudicial to Gill.  See Gill v. Texas, supra.  Since his argument that he was deceived into pleading guilty was based on the ineffectiveness claim, that

argument is invalid as well.

Equally meritless is Gill's contention that the state court violated his due process rights by failing to address his pre-conviction habeas petition. Infirmities in state habeas corpus proceedings provide no basis for federal habeas relief. Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992), cert. denied, ---U.S.---, 113 S.Ct. 1958, 123 L.Ed.2d 661 (1993).

Gill's last two claims assert that the state lost jurisdiction after he filed for federal relief and that the state violated his right to due process and equal protection by continuing with the prosecution before the federal court finished review of his jeopardy claims. However, mere filing for federal habeas relief does not affect the power of the state to continue with its proceedings nor the validity of those subsequent proceedings. While the federal court may grant a stay of the state proceedings under 28 U.S.C. § 2251 (and here the court did not), "if no stay is granted, any such [state] proceeding shall be as valid as if no habeas corpus proceedings or appeal were pending."

The district court dismissed Gill's petition for abuse of the writ. We uphold the dismissal as proper but on the grounds that Gill's underlying habeas petition was without merit. The Court affirms on these other grounds as it may do. Thyssen Steel Co. v. M/V Kavo Yerakas, 50 F.3d 1349, 1354 (5th Cir. 1995).

AFFIRMED.

5